UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JUSTIN WILLIAMS, | § | |
| | § | CIVIL ACTION NO. _____ |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| ZACHRY INDUSTRIAL INC. | § | |
| and CHENIERE ENERGY INC. | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

TO OUR HONORABLE DISTRICT COURT JUDGE:

Justin Williams, Plaintiff ("Williams" or "Plaintiff") brings this lawsuit against Zachry Industrial Inc. ("Zachry") and Cheniere Energy Inc. ("Cheniere"), Defendants, and for cause of action against them would show the Court as follows:

## I. NATURE OF CLAIMS

1. This action is filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, to correct unlawful employment practices, including Defendants' discrimination on the basis of Plaintiffs' race and retaliation.

2. This action is also bought under 42 U.S.C. §1981 ("Section 1981") for discrimination based on race.

3. Plaintiff seeks equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages, and any and all other damages allowed for violations of Title VII and Section 1981 suffered by Plaintiff during his employment with Defendants.

## II.  PARTIES

4. Plaintiff Williams is a member of a protected class, an African-American, who resides in Beaumont, Jefferson County, Texas.

5. Defendant Zachry is a Texas corporation with its principal place of business, in San Antonio, Texas, operated for the purpose of accumulating profit. At all times relevant to this Complaint, the Defendant Zachry has employed 15 or more employees and has been an employer within the meaning of Title VII and Section 1981. Defendant Zachry may be served with process herein by service upon its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Defendant Cheniere is a Texas corporation with its principal place of business, in Houston, Texas, operated for the purpose of accumulating profit. At all times relevant to this Complaint, the Defendant Cheniere has employed 15 or more employees and has been an employer within the meaning of Title VII, the Texas Labor Code and Section 1981. Defendant Cheniere may be served with process herein by service upon its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.  JURISDICTION & VENUE

7. The action arises under a federal question as this Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-16 and 42 U.S.C. § 1981 which prohibit discrimination against any individual because of that individual's race.

8. Venue in this District is proper as it satisfies the requirements of 28 U.S.C. §§ 1331 and 1391. Defendant conducts substantial business in this district and is subject to personal jurisdiction in the District of this Court. In addition, venue is proper in this District, as Mr. Williams is a resident of this District and was employed by Defendants in this District. Plaintiff's

employment records are maintained by Zachry in this Judicial District.

## IV.   ADMINISTRATIVE EXHAUSTION

9. All conditions precedent to the filing of this action have been met by Plaintiff in that he timely filed his complaint with the Equal Employment Opportunity Commission ("EEOC") and has received his right-to-sue letter from the EEOC to pursue his claims of retaliation and racial discrimination.

10. Plaintiff filed a Charge of Discrimination against Cheniere with the EEOC on July 2, 2022. Plaintiff filed a Charge of Discrimination against Zachry with the EEOC on July 2, 2022.

11. On or about January 12, 2023, Plaintiff received his Notice of Right to File a Civil Action issued by the EEOC entitling him to file suit based on his retaliation and racial discrimination claims against Cheniere. On or about January 18, 2023, Plaintiff received his Notice of Right to File a Civil Action issued by the EEOC entitling him to file suit based on his retaliation and racial discrimination claims against Zachry.

12. The filing of this lawsuit has been accomplished within ninety (90) days of receipt of the right to sue letter.

## V.   FACTUAL BACKGROUND

13. Williams was hired by Zachry Industrial Inc., on or about November 1, 2019, in Nederland, Texas.

14. On or about November 11, 2019, Williams was assigned by Zachry to work at the Cheniere Liquified Natural Gas Plant in Cameron, Louisiana. After completing several years of service doing routine maintenance as a Zachry contractor, Williams and another Zachry employee were recommended for a "shift position" with Cheniere.

15. The difference in the position was not an employment opportunity with Cheniere

but was and is historically the platform that the most experienced subcontractors would be allowed to move from general maintenance positions to a "shift position" which allowed the Zachry subcontractor to perform the same tasks as Cheniere electrical workers.

16. Joseph Commorato was the Zachry Supervisor for Williams. Joseph Commorato's responsibility was to assign Zachry workers to the Cheniere Electrical Maintenance Department, to perform maintenance work at the Cheniere plant for electrical workers.

17. Williams was the only Black employee for both Cheniere and Zachry that worked in the electrical trades in April 2021 to October 2021. During this time, he was the most senior person working in the Zachry subcontractors for electrical maintenance.

18. During Williams tenure prior to April 2021, Zachry employees who were assigned to shift positions were considered to have the experience to become Cheniere employees.

19. In April 2021, Commorato gave a recommendation of Williams as the most qualified Zachry employee for the shift position. The position was previously held by James Casey. Casey was hired by Cheniere. Others who were provided the shift position were hired by Cheniere.

20. There was also a practice of Cheniere to require Zachry to hire certain individuals whom Cheniere wanted to be placed in the shift positions over the more experienced and more qualified individuals. All of those individuals were "white" friends and family members of Chenier employees.

21. The hiring of Zachry employees by Cheniere from the shift position was a normal practice, until Williams, a black male, was the most experienced and qualified person from the Zachry roster to be the individual recommended to move to the shift position.

22. In April 2021, the Cheniere Supervisor for electrical services was Oscar Langele.

23. At the beginning of April 2021, after Justin's appointment to the shift position, for the first time, Oscar Langele instituted a 6-month continuous rotation of the shift position between

Williams and Brayden Romero (white male).

24. Brayden Romero was not recommended for the shift position by Commorato. This change was unusual. Williams was told that he and Brayden Romero would rotate out every 6 months. Williams served his first 6-month rotation with no issues in October of 2021.

25. In October of 2021, Williams reported to Zachry's Human Resources Office ("HR") of his complaint that the new 6-month rotation change in the process for assigning Zachry's electrical workers to the "shift positions" was based on race.

26. On November 9, 2021, Commorato confirmed that Oscar Langele was not allowing Williams back to shift position because Williams had made a complaint to HR about discrimination.

27. Williams was told that during the 6 months that Romero would be holding the "shift position," Williams would be put in a 2-week rotation with another employee, Gabriel Back, a white male. This rotation never happened.

28. Williams was never allowed to serve in any other "shift position" for Cheniere after his complaint, although he was the most senior and most experienced Zachry electrical maintenance employee in his group.

29. At the end of Romero's 6-month rotation, Williams was not allowed to return. Williams was told by his supervisor (Joseph Commorato) and others that he would not be allowed on what was referred to as the "Cheniere Side" because of his complaint of racial discrimination. Commorato also told Williams that Oscar Langele instructed Commorato to tell Williams "We (Zachry) need you". Commorato told Williams that this was not true, but he was instructed to do this.

30. During February 2022, Commorato informed the crew that there would be 4 openings for shift positions.

31. Commorato informed Williams that he (Williams) would not be assigned to any of those positions and that he would not blame him if he wanted to look for another job.

32. In April 2022, Cheniere made available 4 open "shift spots". Williams applied for the open shift spots. Williams was told by several Cheniere employees that they were told not to pick him to serve in any shift position.

33. Williams was also told by several Zachry employees, with less years of experience, that they were either picked or approached by Cheniere supervisors about filling the open shift positions.

34. Others were transferred into the shift position with less experience than Williams, Commorato told the crew that Cheniere was not an equal opportunity workplace, and some individuals (referring to Williams) were not given an equal opportunity and those who were receiving the favorable treatment over others should consider themselves "blessed." Others in both Zachry and Cheniere knew of the discriminatory treatment.

35. On April 5, 2022, Commorato talked to Williams in the presence of William Burress. Commorato told Williams that he was denied the second 6-month continuous rotation into the shift position after Romero's 6-month rotation because he had made a complaint of discrimination. Also, Commorato confirmed that Williams would not be chosen for any open shift position.

36. As a result of Defendants actions against Williams, he did not have a fair shot at obtaining experience that other Zachry employees had which historically led to permanent positions with Cheniere.

37. After the refusal to allow Mr. Williams to hold any "shift position" with Cheniere, Williams attempted to contact Zachry HR several times and his calls were all ignored.

38. Cheniere's purported legitimate, non-discriminatory reason why Mr. Williams was not placed in the "shift position" is a sham. The evidence is overwhelming that Williams' treatment was due to his report of discrimination.

39. The employer, Zachry, acquiesced in the actions of Cheniere by refusing to address the matter and by participating in the retaliatory conduct of Cheniere.

## VI.    FIRST CAUSE OF ACTION: DISCRIMINATION UNDER TITLE VII

40. Plaintiff incorporates by reference the preceding paragraphs as set forth herein.

41. As an African American, Plaintiff is a member of a protected category.

42. Plaintiff was qualified for his position and the positions he sought and was subjected to adverse employment actions in whole or in part because of his race.

43. Plaintiffs experienced disparate treatment in that he was treated differently in terms of job assignments than other similarly situated non-Black employees.

44. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, Plaintiff pleads a cause of action against Defendant for racial discrimination.

45. Defendants, by and through their agents and employees, have intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

46. Defendants, acting by and through its employees, have maintained a policy and practice of discrimination in the workforce, and a discriminatory, and retaliatory work environment in violation of the foregoing statute against Plaintiff.

47. Further, Defendants intentionally retaliated against Plaintiff because of his complaint of discrimination. The stated reasons for Defendants actions were not true reasons, but instead were pretexted to hide Defendants' discriminatory animus.

## VII. SECOND CAUSE OF ACTION: §1981 RACIAL DISCRIMINATION

48. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

49. The Civil Rights Act of 1866 prohibits discrimination against any individual because of that individual's race. See 42 U.S.C. § 1981.

50. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendants for racial discrimination.

51. Defendants engaged in discrimination against the Plaintiff, an African American male by discriminating against him in his employment based on his race.

52. Employees of a different race than Plaintiff in similar situations did not experience the adverse employment actions Plaintiff experienced.

53. The effect of these practices was to adversely affect his status as an employee.

## VIII. THIRD CAUSE OF ACTION: TITLE VII and § 1981 RETALIATION

54. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

55. Plaintiff experienced retaliation for opposing Defendants' discriminatory employment practices. He engaged in activities protected by Title VII and Section 1981 when he complained.

56. After Plaintiff complained, Defendants took retaliatory adverse employment actions against Plaintiff because of his complaint.

57. Pursuant to Title VII and 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendants for retaliation.

## IX.   DAMAGES

58.   Plaintiff sustained damages as a result of the actions and/or omissions of Defendants as described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for his mental anguish and pain and suffering he has suffered, continues to suffer, and will suffer in the future.

## X.   ATTORNEY'S FEES

59.   Additionally, as a result of Defendants' above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce his legal rights. Accordingly, Plaintiff also seeks compensation for his attorneys' fees, as well as out-of-pocket expenses, expert fees, and costs of Court he will have incurred in this action.

## XI.   PUNITIVE DAMAGES

60.   Plaintiff would further show that the acts and omissions of Defendants, complained of herein, were committed with malice or reckless indifference to his protected rights. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for punitive damages.

## XII.   JURY DEMAND

61.   Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## XIII.   PRAYER

62.   For the reasons set forth above, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered

for the Plaintiff against Defendants for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, reinstatement, upgrading, and compensation for benefits not received;
b. Lost wages in the future;
c. Past physical pain and mental suffering;
d. Present physical pain and mental suffering;
e. Future physical pain and mental suffering;
f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;
g. Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;
h. Prejudgment interest at the highest rate permitted by law;
i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;
j. Costs of Court; and
k. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully submitted,

/s/ *Melody Carrier*

Melody Carrier
CARRIER & ALLISON LAW GROUP
Texas Bar No. 00785096
505 Orleans, Suite 505
Beaumont, Texas 77701
Phone: 409.835.8330
Fax: 409.835.8370
Email: mcarrier@caflawgroup.com

Terrence B. Robinson
TB ROBINSON LAW GROUP, PLLC
Fed. Bar No. 14218
Texas Bar No. 17112900
7500 San Felipe St., Suite 800
Houston, Texas 77063
Phone: 713.568.1723
Fax: 713.965.4288
Email: TRobinson@TBRobinsonlaw.com

***Attorneys for Plaintiff, Justin Williams***